**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-1059**

---

OMAR HECTOR SIBULOFSKY; PATRICIA SIBULOFSKY; D.S.; R.S.; C.S.;
E.S.,

        Petitioners,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.

---

Submitted: April 21, 2008        Decided: July 23, 2008

---

Before KING, GREGORY, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Omar Hector Sibulofsky, Patricia Sibulofsky, D.S., R. S., C.S.,
E.S., Petitioners Pro Se. Carol Federighi, Senior Litigation
Counsel, Jonathan Aaron Robbins, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Hector Sibulofsky, a native of Argentina and a citizen of Israel, on behalf of him and his family, petitions for review an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Sibulofsky claims he established persecution. He also claims he is not a citizen of Israel. We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can establish

a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find Sibulofsky failed to show he or his family were persecuted on account of a protected ground or because of an imputed political opinion. We further find the evidence was not so compelling as to warrant a different result. In addition, Sibulofsky's claim that he is not a citizen of Israel is without merit. He admitted before the immigration judge that he was an Israeli citizen. Furthermore, evidence that the government will not issue a passport to someone who was made a citizen is not necessarily indicative of loss of citizenship. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

PETITION DENIED